UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PUBLICATION
MUNICIPAL CREDIT UNION, KAM WONG,
individually and in his Professional capacity as
Chief Executive Officer; GREGORY PETERSON,
individually and in his Professional capacity as
Chief Executive Officer of Berkman, Henoch,
Peterson, Peddy & Fenchol, PC; JUDGE NOACH
DEAR, individually and in his Professional capacity
as Judge Dear of State of New York Corporation
and DOES 1-5[1]

                      Plaintiffs,

      - against -

"CHARLESETTA O'NEAL BEY, sui juris,
Defendant (In Error)"[2]

                      Defendant.
-----------------------------------------------------------X
ANN M. DONNELLY, United States District Judge:

**REMAND ORDER**
19-CV-6394 (AMD)

Ms. O'Neal Bey is a defendant in a civil action in the Supreme Court of the State of New York, Kings County (Index No. 12622/2015). (ECF No. 1.)[3] She is representing herself. She filed this Notice of Removal seeking to remove a 2015 civil proceeding. A judgment of foreclosure has already been entered. Ms. O'Neal Bey seeks injunctive and declaratory relief related to the state court proceedings, and punitive and monetary damages totaling $3 million. (*Id.* at 10-11, 13.) For the reasons that follow, the action is remanded to the Supreme Court pursuant to 28 U.S.C. § 1447(c).

---

[1]     Many of the named plaintiffs to this action appear to have been added by Ms. O'Neal Bey. The underlying action Ms. O'Neal Bey seeks to remove included only Municipal Credit Union as a plaintiff.
[2]     The state court caption identifies Ms. O'Neal Bey as "Charlesetta O'Neal" and notes that she objects to being described as "pro se." (ECF No. 1 at 11.)
[3]     The Notice is consecutively paginated, but not all of the attached exhibits are labeled. Accordingly, the Court refers to the pages assigned by the Electronic Case Filing ("ECF") system.

## BACKGROUND

Ms. O'Neal Bey appears to be seeking removal of a state court mortgage foreclosure proceeding from 2015 before the Kings County Supreme Court (Dear, J.) (ECF No. 1.)[4] The Notice asserts that this Court has subject matter jurisdiction based on federal question jurisdiction and admiralty jurisdiction and cites 18 U.S.C. § 241 and 42 U.S.C. § 1983, which provide for criminal and civil liability for violations of constitutional rights. (*Id.* at 2.) However, Ms. O'Neal Bey also states that she is "challenging the jurisdiction of this court," that she does "not consent to a judicial tribunal of any sort," and that "the rules and or procedures for the court are . . . not for me." (*Id.* at 3-4.) She does not attach the original pleadings from Index No. 12622/2015, but does attach Judge Dear's January 14, 2019 Decision granting summary judgment to MCU in the foreclosure action (*Id.* at 41), Ms. O'Neal Bey's April 15, 2019 motion to vacate that judgment (*Id.* at 25), and Judge Dear's July 30, 2019 order denying the motion to vacate (*Id.* at 40).

## LEGAL STANDARD

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998) (removal is proper only if the federal question appears plainly on the face of the complaint). A court may remand a removed case to state court

---

[4] The Notice of Removal identifies the "respondents"—the Municipal Credit Union ("MCU"); former MCU chief executive officer Kam Wong; Gregory Peterson, a lawyer representing MCU in the foreclosure action; and the Honorable Noach Dear, the presiding justice in the foreclosure action—as the parties seeking removal, but the Notice is signed by what appears to be the actual removing party, "Ali-Bey, Charlesetta . . . Beneficiary Owner of Charlesetta Oneal [*sic*]." (ECF No. 1 at 1, 14.)

*sua sponte* if it finds that it does not have subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo and Fort Erie Public Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

If removal is based on a federal question, the notice of removal must be filed within 30 days after service of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b)(1). If removal is based on diversity of citizenship and the case became removable after it was filed, the notice of removal must be filed within one year of commencement of the action, unless the plaintiff has acted in bad faith to prevent removal. *See* 28 U.S.C. § 1446(c)(1).

## DISCUSSION

The Notice of Removal is deficient. First, it was not filed in a timely fashion. The underlying foreclosure action was commenced in 2015 and has proceeded in state court through multiple motions over many years. The lower court granted summary judgment in favor of MCU on January 14, 2019. (ECF No. 1 at 26.) Ms. O'Neal Bey filed this Notice on November 12, 2019, after the state court ruled and well beyond the 30-day period required to remove this action to federal court. *See Levchenko v. Chase Bank USA, N.A.*, No. 10-CV-4268, 2011 WL 1099851, at *1 (E.D.N.Y. Mar. 24, 2011) ("Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition.") (quoting *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001)). Thus, the Notice of Removal is untimely.

The other reason that removal is inappropriate is that there is no original basis for federal question jurisdiction in this Court. The underlying state court action appears to have involved foreclosure. Ms. O'Neal Bey asserts that this Court has jurisdiction under federal laws related to civil rights violations, as well as numerous purported constitutional violations. However, the original complaint did not appear to involve or raise any of these issues. If there is no original jurisdiction, a litigant cannot assert federal statutory claims in response to an unfavorable outcome in a state court proceeding to invoke federal jurisdiction. *See McCulloch Orthopaedic*

3

*Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("Under the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law . . .'") (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)); *see also City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach."); *Bank of Am., N.A. v. Derisme*, No. 19-cv-0020 (JAM), 2019 WL 156936 (D. Conn. Jan. 10, 2019) (remanding state court foreclosure action that was improperly removed to federal court in the absence of basis for federal jurisdiction, where removing party claimed that her civil rights were violated in the state court proceeding).

Finally, I cannot consider Ms. O'Neal Bey's claims because of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have subject-matter jurisdiction to hear cases seeking to "overturn an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). "It would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation." *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988); *see Grohs v. Grohs*, No. 17-CV-01605 (SRU), 2017 WL 4678182, at *4 (D. Conn. Oct. 17, 2017) (holding that *Rooker-Feldman* precluded subject-matter jurisdiction over removed family court action and remanding to state court), *adhered to on reconsideration*, 2017 WL 5171845 (D. Conn. Nov. 8, 2017); *Citibank, N.A. v. Swiatkoski*, No. 04-CV-5122 (ADS) (ARL), 2005 WL 6796770, at *2 (E.D.N.Y. Mar. 18, 2005) (remanding foreclosure action where New York Supreme Court had already entered judgment of foreclosure

and appeal was pending when notice of removal was filed), *aff'd* 160 Fed. Appx. 30 (2d Cir. 2005). I do not have—and cannot exercise—jurisdiction over Ms. O'Neal Bey's case.[5]

## CONCLUSION

For the foregoing reasons, removal is inappropriate, and the Court hereby remands the action to the Supreme Court of the State of New York, Kings County pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Kings, to mail a copy of this Order to Charlesetta O'Neal Bey, and to close the case in this Court.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 25, 2019

---

[5] This is not the first time Ms. O'Neal Bey has tried to bring her state foreclosure action in this Court. In 2016, Ms. O'Neal Bey filed a civil action related to the same loan, which I dismissed for lack of subject matter jurisdiction. *See Charlesetta O'Neal: Bey v. Mun. Credit Union*, No. 16 Civ. 438 (AMD), 2016 WL 880171 (E.D.N.Y. Mar. 1, 2016). After the case was dismissed, Ms. O'Neal Bey continued to file frivolous motions seeking to re-litigate the underlying action. At that time, I warned her that if she continued to file frivolous motions in a closed case, I would direct the Clerk of Court not to accept any further filings from Ms. O'Neal Bey. (*Id.* at ECF No. 14.)